Brent E. Pelton, Esq. (BP-1055)
PELTON SERPE LLP
111 Broadway, 9ᵗʰ Floor
New York, New York 10006
(Phone) (212) 725-3600; (Fax)(212) 385-4600
pelton@peltonserpe.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PAUL OPPENHEIMER, Individually,
and on Behalf of
All Other Persons Similarly Situated,

                                **Plaintiffs,**

           -against-

BLUECAT NETWORKS (USA) INC., a/k/a
BLUECAT NETWORKS, INC., MICHAEL
HYATT AND JOHN DOES #1-10,
Jointly and Severally

                              Defendants.

-------------------------------------------------------------X

    **ECF**
    2007 Civ. 7471 (VM)

    **COLLECTIVE ACTION**
    **COMPLAINT**

    **Demand for Jury Trial**

Plaintiff, through his attorneys, complaining of Defendants, alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff alleges, on behalf of himself and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for work performed for which they received no compensation, as well as for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq.

2.    Plaintiff further complains that he is entitled to back wages from Defendants for overtime work for which he did not receive overtime premium pay, as required by New York

Labor Law §§ 650 *et seq.*, including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the

Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of

Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over the claims in this action pursuant

to the provisions of 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over

Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, this Court has jurisdiction

over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant

resides in this district and a substantial part of the events or omissions giving rise to the claims

occurred in this District.

5.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

## PARTIES

6.    Plaintiff resides in New York County, New York.

7.    Upon information and belief, Defendant BLUECAT NETWORKS (USA) INC.

a/k/a BLUECAT NETWORKS, INC. ("BlueCat" or the "Corporate Defendant") is a Delaware

corporation conducting business within the State of New York with offices at 708 3rd Avenue, 6th

Floor, New York, New York 10017.

8.    Upon information and belief, MICHAEL HYATT is an officer, director and/or

managing agent of the Corporate Defendant who participated in the day-to-day operations of the

Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to

the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well

2

as the New York Labor Law Sec. 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

9.  Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time, and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

10.  Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since August 23, 2004 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who received no compensation for all hours worked as well as no compensation for overtime at rates not less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

11.  This collective action class is so numerous that joinder of all Collective Action Members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are numerous Collective Action Members working for the Corporate Defendant throughout the United States during the Collective Action

Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

12. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

13. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

14. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    (a)    whether the Defendants employed the Collective Action Members within the meaning of the FSLA;

    (b)    what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

    (c)    whether Defendants failed to pay the Collective Action Members for all of their hours worked as well as overtime compensation for hours worked in excess of

forty hours per workweek, in violation of the FSLA and the regulations promulgated thereunder;

(d)    whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

(e)    whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(f)    whether Defendants should be enjoined from such violations of the FLSA in the future.

15.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF THE FACTS

16.    Plaintiff PAUL OPPENHEIMER was an employee of the Corporate Defendant from on or about January 24, 2007 until on or about April 13, 2007 (the "Employment Period").

17.    Plaintiff worked within the New York offices of BlueCat, at 5 Penn Plaza, # 2313, New York, New York 10001 and at 708 3rd Avenue, 6th Floor, New York, New York 10017.

18.    Throughout the Employment Period, Plaintiff was employed as a "Business Development Representative," and his primary employment duty was that of an inside sales representative.

19.    Plaintiff was paid an annual salary of $75,000 per annum, paid in bi-monthly installments.

20.    During each week during the Employment Period, Plaintiff worked in excess of 40 hours per week in his job functions for Defendants.

21.     Throughout the Employment Period, Plaintiff frequently worked more than ten hours per day for Defendants.

22.     Plaintiff's primary work responsibility for Defendants was to generate leads through cold calls and to follow up on sales leads as an inside sales person, which work was performed within the Corporate Defendant's New York offices.

23.     Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

24.     The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

25.     Plaintiff worked in excess of 40 hours a week and/or ten hours per day, yet the Defendants willfully failed to pay Plaintiff for all his hours worked as well as overtime compensation of one and one-half times his regular hourly rate, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

26.     Throughout that time and, upon information belief, both before that time (throughout the Collective Action Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

27.     Such individuals have worked in excess of 40 hours a week and/or ten hours per day, yet the Defendants have likewise willfully failed to pay them for all their hours worked as

well as overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

28.    As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

29.    Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, the course of the Collective Action Period, the Defendants failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

30.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

31.    At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

32.    At all relevant times, Defendants employed and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

33.    Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

34.    Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto and incorporated herein by reference.

35.    At all relevant times, the Defendants had a policy and practice of refusing to pay for all hours worked as well as the statutory wage for hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

36.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action Members, for all hours worked by them as well as for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated, and continue to violate, the FSLA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

37.     As a result of Defendants' failure to record, report, credit, and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FSLA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

38.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39.     Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, are entitled to recover from Defendants, their unpaid wages, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW

40.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

41.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

42.    Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations including the "spread of hours" regulation, 12 NYCRR § 142-2.18.

43.    Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

44.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action and liquidated damages, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff on behalf of himself and all other similarly situated Collective Action Members respectfully request that this Court grant the following relief:

(a)    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FSLA Opt-In-Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff as representative of the Collective Action and Plaintiff's counsel as counsel to represent the Collective Action Members.

(b)    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

9

(c)     An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(d)     An award of unpaid wages and unpaid overtime compensation due under the FLSA and the New York Labor Law;

(e)     An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216 and New York Labor Law § 663(1);

(f)     An award of prejudgment and post judgment interest;

(g)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

(h)     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
       August 23, 2007

PELTON SERPE LLP

S/Brent E. Pelton

Brent E. Pelton, Esq. (BP-1055)
Attorney for Plaintiff, Individually,
and on Behalf of All Other Persons Similarly Situated

111 Broadway, 9th Floor
New York, New York 10006
Tel: (212) 286-1425

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of BlueCat Networks (USA) Inc. to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiff(s) and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____    8-21-2007    PAUL    OPPENHEIMER.
Signature                  Date                  Printed Name

11